IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. FOX RX, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OMNICARE, INC., and NEIGHBORCARE, INC., <br><br> Defendants. | Civil Action No.: <br> 1:11-CV-0962-WSD |

## DEFENDANTS' INITIAL DISCLOSURES

Pursuant to Local Rule 26.1, Omnicare, Inc. and NeighborCare, Inc. ("Defendants" or "Omnicare"), by and through their attorneys, respectfully submit their Initial Disclosures.  In submitting these Initial Disclosures, Defendants assert that each of the following responses is made subject to, and without waiver of, any objections they may have to the production of information or documents in this action.  Defendants expressly reserve the right to change, modify, supplement, and/or clarify these Initial Disclosures

during or following any discovery in this action and at any time before any trial.

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

Defendants have been properly identified in this action.

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

Defendants presently do not contend that there are any necessary parties to this action who have not been named nor do Defendants contend that there is a question of misjoinder of parties.[1]

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

Omnicare is a pharmacy that, among other things, specializes in providing pharmacy products and services to residents of long term care facilities ("LTCFs"). Fox Insurance, Inc. served as a Medicare Part D Prescription Drug Plan ("PDP") sponsor from January 1, 2006 through March

---

[1] The government elected not to intervene in this matter. *See* Notice of the United States That It Is Not Intervening At This Time, dated July 26, 2011.

9, 2010—on which date CMS terminated it from the Part D program. As a PDP sponsor, Fox Insurance covered certain residents of LTCFs for which Omnicare provided pharmacy services. Omnicare's pharmacy claims for participants in the Fox Insurance Part D Plan were processed through various Pharmacy Benefit Managers ("PBMs").

Atypical antipsychotic medications, which physicians prescribe when medically appropriate for some LTCF patients, are a class of drug specifically protected by the Medicare Part D program. One statutorily-prescribed compendia—DrugDex—includes listings for patients with various forms of dementia. These listings require coverage by Medicare Part D.

LTCF pharmacies are distinct from retail pharmacies in that unit dose packaging and short term prescription fill quantities are often required by LTCFs, LTCF patients, and certain payors because of ease of administration and cost minimization. In the Health Reform Bill, Congress explicitly directed Part D plans to employ techniques to reduce the per-fill quantity of prescription medications for beneficiaries in LTCFs "in order to reduce waste associated with 30-day fills." *See* 42 U.S.C. 1395w-104(c)(3).

Part of Fox Insurance's role as a PDP sponsor is to perform utilization management, by techniques such as prior authorization requirements. In this case, Fox Insurance used a PBM to administer its claims process and the

PBM was responsible for implementing prior authorization requirements. Industry practice is for pharmacies to generally file prescriptions electronically with a PBM or PDP sponsor's electronic claims processing system to determine whether prior authorizations or other utilization management requirements are in place.

Most LTCF residents are both Medicare Part D and Medicaid eligible. These so-called "dual eligible" residents typically receive Medicare subsidy for the co-pay portion of the Medicare Part D coverage that would otherwise be the responsibility of the resident. A LTCF typically will notify a LTCF pharmacy to a resident's Medicaid eligibility when a patient begins a stay at a LTCF.  While a LTCF and LTCF pharmacy may know the resident's financial status, there is a known lag between the time of enrollment at a facility and the time CMS's systems update and notify PDPs that they will bear financial responsibility for the enrollee's co-pays.  Because virtually all "dual eligible" patients will have their Part D co-pays subsidized by Medicare, industry practice has been for LTCF pharmacies, including Omnicare, to "pend" these co-pays until CMS's tracking systems reflect the proper status. This practice has been acknowledged by CMS and CMS has instructed PDPs to work with LTCF pharmacies to resolve these pended co-pays and cooperate with this practice on a forward going basis.

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

Currently, and subject to the subsequent development of Defendants' defenses as circumstances may warrant, Defendants identify the following statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative law which Defendants presently contend is applicable to this action, many of which are discussed in Defendants' motion to dismiss, dated December 21, 2011:

- Federal False Claims Act, 31 U.S.C. § 3729 *et seq;*
- 31 U.S.C. § 3730(e)(4);
- 42 U.S.C. § 1395w-102(e)(1);
- 42 U.S.C. § 1395w-104(c)(3);
- 42 U.S.C. § 1396r-8(k)(1)(A)(i);
- 42 U.S.C. § 1396r-8(k)(6);
- 42 C.F.R. § 423.100;
- 42 C.F.R. § 505(k)(3);
- 42 C.F.R. §§ 423.558-638;
- 42 C.F.R. §§ 423.1968-2140;
- Federal Rule of Civil Procedure 9(b);

- Federal Rule of Civil Procedure 12(b)(6);

- *The Medicare Improvements for Patients and Providers Act of 2008 ("MIPPA"),* Pub. L. 110-275, 122 Stat 2494;

- *Henderson v. Sun Pharms. Indus., Ltd.*, No. 4:11–CV–0060–HLM, 2011 WL 4015658, at *7 n.4 (N.D. Ga. Aug. 22, 2011);

- *United States ex rel. Wall v. Vista Hospice Care, Inc.*, 778 F. Supp. 2d 709, 721 (N.D. Tex. 2011);

- *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009);

- *United States ex rel. Clausen v. Lab. Corp. of Am., Inc.,* 290 F.3d 1301, 1308-09 (11th Cir. 2002);

- *Hopper v. Solvay Pharms., Inc.,* 588 F.3d 1318, 1325 (11th Cir. 2009);

- *United States ex rel. Milam v. Regents of the Univ. of Cal.,* 912 F. Supp. 868, 883 (D. Md. 1995);

- *United States ex rel. Compton v. Circle B Enters., Inc.,* No. 7:07-cv-32(HL), 2010 WL 942293, at *7 (M.D. Ga. Mar. 11, 2010);

- *Foglia v. Renal Ventures Mgmt., LLC,* No. 1:09-CV-01552-NHL-AMD, 2011 WL 5882020, *8 (D.N.J. Nov. 23, 2011);

- *United States ex rel. McDermott v. Genentech, Inc., No.*, 05-

147-P-C, 2006 WL 3741920 (D. Me. Dec. 14, 2006)

- *Layzer v. Leavitt,* 770 F. Supp. 2d 579 (S.D.N.Y. 2011);

- *Kilmer v. Leavitt,* 609 F. Supp. 2d 750, 754 (S.D. Ohio 2009);

- *United States ex rel. Lamers v. City of Green Bay,* 168 F.3d 1013, 1018 (7th Cir. 1999);

- *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 377 (4th Cir. 2008);

- *United States ex rel. Mikes v. Straus,* 274 F.3d 687, 698 (2d Cir. 2001);

- *McNutt ex rel. United States v. Haleyville Med. Supplies, Inc.,* 423 F.3d 1256, 1259 (11th Cir. 2005);

- *United States ex rel. Sanders v. Allison Engine Co.,* 667 F. Supp. 2d 747, 756 (S.D. Ohio 2009);

- *United States ex rel. Lamers v. City of Green Bay,* 998 F. Supp. 971, 986 (E.D. Wis. 1998), aff'd, 168 F.3d 1013 (7th Cir. 1999);

- *Corsello v. Lincare, Inc.,* 428 F.3d 1008, 1014 (11th Cir. 2005);

- *United States ex rel. Hopper v. Solvay Pharms., Inc.,* 590 F. Supp. 2d 1352, 1361-62 (M.D. Fla. 2008);

- *United States ex rel. Stephens v. Tissue Science Lab., Inc.,* 664

F. Supp. 2d 1310, 1318 (N.D. Ga. 2009);

- *United States ex rel. Zemplenyi v. Grp. Health Coop.,* No. C09-603 RSM, 2011 WL 814261 at *2 (W.D. Wash. Mar. 3, 2011);

- *United States ex rel. Atkins v. McInteer,* 470 F.3d 1350, 1359 (11th Cir. 2006);

- *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir. 1991);

- *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541 (11th Cir. 2002) (en banc);

- HHS Office of Inspector General, Report OEI-07-08-00150, Medicare Atypical Antipsychotic Drug Claims for Elderly Nursing Home Residents (May 4, 2011);

- Olanzapine Therapeutic Uses, 142 Thomson Reuters (Healthcare) Inc. DrugDex® Drug Evaluations § 4.5(G), (AG) (2009) ("Anxiety - Dementia;" "Senile Dementia of the Lewy Body Type") (reprinted with permission of copyright holder);

- Risperidone Therapeutic Uses, 138 Thomson Reuters (Healthcare) Inc. DrugDex® Drug Evaluations § 4.5(C), (L) (2008) ("Behavioral Syndrome - Dementia;" "Dementia - Psychotic Disorder") (reprinted with permission of copyright holder);

- 25 Am. Jur. 2d Drugs and Controlled Substances § 249 (2011); and

- Medicare Program; Medicare Prescription Drug Benefit, 70 Fed. Reg. 4194, 4228 (Jan. 28, 2005).

Omnicare has not yet filed its Reply Brief in Support of its Motion to Dismiss. Omnicare will amend these disclosures to the extent that Omnicare identifies other relevant authorities.

**5.    Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

Omnicare states that Attachment A contains all persons Omnicare currently has been able to identify who are likely to have discoverable information that Omnicare may use to support its position in this case, identifying the subject(s) of the information. Omnicare will timely supplement Attachment A if and when it identifies additional persons who are likely to have discoverable information that Omnicare may use to support its position in this case.

By listing the individuals identified in Attachment A, Omnicare does not consent to Plaintiff Relator or Plaintiff Relator's representative(s) or

attorney(s) contacting any current employees of Omnicare or any former employees of Omnicare except through Omnicare's attorneys.  Individuals identified in Attachment A may be contacted through Omnicare's attorneys, King & Spalding LLP, 1180 Peachtree Street, N.E., Atlanta, Georgia, 30309-3521.  Phone number 404-572-4600.

6. Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

Omnicare has not yet identified any experts who will be used at trial to present evidence under Federal Rules of Evidence 702, 703, or 705.  Omnicare will supplement its Initial Disclosures and Attachment B as required by this Court's scheduling order or otherwise by applicable rules when, and if, testifying experts are identified.

7. Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may ue to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C.)

Omnicare has not completed its discovery and/or investigation of the facts underlying this lawsuit, nor has it completed its preparation of this case for trial.  However, at this time, Omnicare believes that Attachment C

10

provides a description by category of all documents, data compilations, and tangible things in the possession, custody, or control of Omnicare to support Omnicare's position in this case.

Omnicare reserves the right to use any documents identified by Plaintiff Relator in its responses to initial disclosures. Omnicare also reserves the right to supplement Attachment C in the event Omnicare identifies additional categories of documents. By listing a category of document on Attachment C, Omnicare makes no concessions or representations regarding the admissibility of such documents. Copies of all documents identified by category in Attachment C, can be obtained through Omnicare's attorneys, King & Spalding LLP, 1180 Peachtree Street, N.E., Atlanta, Georgia, 30309-3521.

**8. In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Defendants presently are not seeking any damages in this matter.

**9. If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

11

Defendants presently do not contend that some other person or legal entity is, in whole or in part, liable to Plaintiff Relator or them in connection with the claims asserted in this matter.  Omnicare will amend these disclosures if Omnicare identifies a person or legal entity who is, in whole or in part, liable to the plaintiff or defendant in this matter.

**10.   Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

At the present time Omnicare does not believe that there is a relevant insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.  Omnicare will amend these disclosures if Omnicare identifies a relevant insurance agreement.

Respectfully submitted, this 21st day of January, 2012.

                KING & SPALDING LLP

                *s/ Phyllis B. Sumner*
                Richard L. Shackelford
                Georgia Bar No. 636825

rshackelford@kslaw.com
Phyllis B. Sumner
Georgia Bar No. 692165
psumner@kslaw.com
Michael E. Paulhus
Georgia Bar No. 567808
mpaulhus@kslaw.com
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 572-4600 (telephone)
(404) 572-5100 (facsimile)

*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D) of the Northern District of Georgia, I hereby certify that this pleading has been prepared in compliance with Local Rule 5.1(C).

*s/ Phyllis B. Sumner*
Phyllis B. Sumner

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2012, I electronically filed the foregoing **DEFENDANTS' INITIAL DISCLOSURES** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Daniel A. Caldwell III
Office of United States Attorney
Northern District of Georgia
75 Spring Street, S.W.
600 United States Courthouse
Atlanta, GA 30303

Anna C. Dover
Barry A. Weprin
Kirk E. Chapman
MILBERG LLP-NY
One Pennsylvania Plaza
48th Floor
New York, NY 10119-0165

Benjamin J. Vernia
THE VERNIA LAW FIRM
Suite 400
1455 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Hezekiah Sistrunk, Jr.
Jane Lamberti Sams
Shean DeCarlos Williams
COCHRAN, CHERRY, GIVENS,
SMITH, SISTRUNK & SAMS, PC
The Candler Building
127 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30303


*s/ Phyllis B. Sumner*
Phyllis B. Sumner